FRANKLIN OLIVER

*v.*

THE BOARD OF SUPERVISORS OF LIVINGSTON COUNTY.

1. INCOMPLETE SALE OF LAND—*waiver of rights by purchaser.* A seller makes an offer, and the purchaser accepts and pays the price; but, before receiving deed, he takes back his money, and takes under a contract to pay at a future day, and upon conditions: *Held,* that he thereby waives any equitable rights growing out of the original transaction.

2. CONTRACT—*time being of the essence of it—when forfeited.* A contract in the usual form of a forfeit bond, in which conditions precedent are imposed upon the purchaser, wherein time is of the essence of the contract, and the right to declare a forfeiture is reserved, upon non-performance by the purchaser, may be disregarded and the property resold to another.

3. Such contract has none of the elements of a mortgage, and the delinquent can have no standing in a court of equity.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WILLIAMS & BURR, for the appellant.

Mr. A. E. HARDING, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a bill in equity, exhibited by the appellant against the appellees in the circuit court of Livingston County, to compel the conveyance of certain real estate. The venue was

subsequently changed to the county of McLean, where the cause was heard, and the bill dismissed for want of equity.

The principal facts in the case are as follows: the United States granted certain swamp lands to the State of Illinois, and the State afterward granted them to the various counties in which they were situated. The appellant made application to the board of supervisors on the 9th day of December, 1857, to purchase certain tracts of the swamp lands.

On that day, the board of supervisors made the following order: "Ordered that the county judge sell to Franklin Oliver, at their appraised value, the following swamp and overflowed lands," describing certain lands, and, among others, the forty acres now in controversy.

On the 6th day of January, 1858, the appellant· went to Henry Jones, the county judge, to complete the purchase, and gave to him the full amount of the purchase money in gold, and asked for a deed. Jones did not make the deed, and some days afterward told appellant that he could not make the deed, for the reason, as the appellees say, that the title to the swamp lands had not then been confirmed to the State by the Government, and that there was some difficulty about the title. But the appellant says that the county judge placed his refusal to make a deed on the ground that he had no blank form, and could not make one. It is a matter of no consequence for what reason the county judge refused to make the deed. The appellant further states that the county judge then advised him to borrow the money paid for the land, from the county; and thereupon, he took back the money and accepted the contract set out in the bill, which is a contract in the usual form of a forfeit bond, making time of the essence of the contract, and requiring a certain amount of cultivation and drainage to be done on the land. The appellant did not promptly make all the payments of the interest and principal, as the same became due, and on the 27th day of January, 1865, the commissioner, on behalf of the county, conveyed to one Cushman, the forty acres now in controversy. When the appellant discovered that the commissioner had executed a deed to Cushman, he imme-

diately tendered the money due upon the contract for the land, and has ever since kept the tender good.

It is not claimed, on behalf of the appellant, that he ever complied with the conditions of the written contract executed by the county judge on behalf of the county, and delivered to and accepted by him. Relief is sought mainly on two grounds: first, that the contract is nothing more than a mortgage to secure, as is alleged, the money borrowed by appellant from the county judge, after he had paid it to him for the land; and, second, that the county judge had no authority to put into the bond or contract the conditions of forfeiture, and requiring cultivation and drainage; and, therefore, such conditions are without any validity in law or equity, and are not binding on the appellant.

We do not think that this transaction will bear the construction given to it by the counsel for appellant. No elements of a mortgage are to be found in the contract, and the facts in the case are inconsistent with any such theory. Previous to the execution of the contract by the agent of the county, the appellant had no equitable or legal title to the land, and, therefore, he had no interest which could be mortgaged. All the interest that he ever had or could possibly acquire in the estate, was under the contract, and by a strict compliance with its terms.

In view of the facts, we must regard the appellant as having voluntarily, on the advice perhaps of the county judge, taken back his money, and purchased the land on the terms and conditions named in the written agreement. Having thus elected to purchase the lands, with a full knowledge of all the facts, on the terms stated in the agreement, no reason is perceived why the conditions therein contained were not obligatory upon him. They were the terms upon which the county was willing to part with its title; and if appellant was unwilling to comply with them, it was his privilege to refuse to accept the contract.

It is not controverted that appellant accepted the written contract, and he must, therefore, be regarded as having purchased the land on the conditions named; and before he can

have any relief in a court of equity, he must show, by proof, that he complied with those conditions, or some sufficient reason for the omission. *The Board of Supervisors of Livingston Co.* v. *Henneberry*, 41 Ills. 179.

It is insisted, that if the conditions of the written contract were ever binding on appellant, those conditions were waived by the county, by the order made by the board of supervisors on the 17th of September, 1858; and having once waived the conditions of forfeiture, the county can not, at any subsequent period, enforce them, or avail of them as a defense. It is not necessary to determine in this controversy what was, or what was intended to be, waived by that order, for the reason that, by no fair construction that can be given to it, was the prompt payment of principal and interest to become due for the purchase money of this class of lands waived. These were material conditions, and the appellant, having failed to pay for the land according to the terms of the contract, and having shown no reason for his failure so to do, the county had the clear right to declare the contract forfeited, and to sell the land to whomsoever would purchase. By the agreement of the parties, time was made of the essence of the contract, and if the appellant desired to secure any rights under it, he should have complied with its terms, or procured an extension of time from the proper authorities. This he did not do, but suffered a long period to elapse without paying the interest or principal after the same became due, and has shown no excuse whatever for his non-compliance with the terms of the contract.

Under the facts in this case, the appellant can have no standing in a court of equity, and the bill was properly dismissed, and the decree is affirmed.

*Decree affirmed.*